USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/20/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

GILBERT O. CAMERON,                      :
                                         :      09 Civ. 967 (PKC) (JLC)
                    Plaintiff,           :
                                         :      REPORT AND
        -v.-                             :      RECOMMENDATION
                                         :
P.O. SIDNEY WISE, shield #2468, et al.   :      (Non-ECF Case)
                                         :
                    Defendants.          :
------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

**To The Honorable P. Kevin Castel, United States District Judge:**

Pro se Plaintiff Gilbert O. Cameron ("Plaintiff" or "Cameron") brings claims under 42
U.S.C. §§1983, 1985, and 1986 against a variety of defendants alleging violations of his
constitutional rights. Of the 18 named defendants, Cameron has served only Police Officer
Sidney Wise ("Wise" or "Officer Wise"). Wise moves to dismiss the complaint pursuant to Rule
12(b)(6) of the Federal Rules of Civil Procedure. For the reasons discussed below, I recommend
that Wise's motion to dismiss be granted and that the claims against the other defendants also be
dismissed.

USDC SDNY
DATE SCANNED 4/20/11

## I.  BACKGROUND

### A.  The Facts[1]

After having a relationship with a woman referred to only as "Pickersgill" in the record, Cameron discovered that Pickersgill had given birth to a girl named Arianna.  Proposed Second Amended Complaint, dated October 16, 2010 ("the Complaint" or "Compl.") (Dkt. No. 26) at 4.  Certain that Arianna was his daughter, Cameron initiated paternity proceedings in Bronx Family Court to prove that he was her biological father.  Id. at 4-5.

In retaliation for bringing the paternity suit, Cameron alleges, Pickersgill brought false charges of burglary and assault, among others, against him.  Prop. Am. Compl. Ex. A, at 3.  Cameron was arrested on these charges on June 11, 2008, see id., and was released on his own recognizance.  Prop. Am. Compl. Ex. G, at 2.  Cameron returned to the police precinct on June 17 to retrieve his cellphone and $400 he had left at the precinct after his initial arrest.  Compl. at 3.  He alleges that Officer Wise approached him, asked him what he was doing in the precinct, and proceeded to call Pickersgill on his cell phone to coerce her into fabricating a tampering with a witness charge.  Id.  Cameron explains that when he realized what Officer Wise was "up to," he left the precinct, but Wise followed and stopped him and took $200 from him, without providing a voucher for the money.  Id.  Cameron claims that Officer Wise then instructed Officer Jason Korpolinski, another officer at the precinct and one of the other named defendants, to arrest him.  Id.

---

[1] Cameron filed an initial complaint on February 4, 2009, Dkt. No. 2, and a proposed amended complaint on September 24, 2010, Dkt. No. 23, but on October 16, 2010, Cameron submitted a letter to the Court, requesting that all prior letters be ignored and for the Court to consider only the October 16 letter, which attached a proposed second amended complaint.  Dkt No. 26.  For the purposes of establishing the factual background only, I will include certain facts from the proposed amended complaint of September 24, 2010.  Proposed Amended Complaint, dated September 24, 2010 ("Prop. Am. Compl.") (Dkt. No. 23).

Cameron further alleges that because he was held on these charges, he was unable to attend the paternity proceedings, which took place in Bronx Family Court on July 28, 2008, in violation of his constitutional rights. Compl. at 5.

On June 22, 2010, Cameron was convicted of second degree burglary, second degree assault, and other related charges in proceedings in New York State Supreme Court presided over by Justice Clancy, Prop. Am. Compl. at 1. He was sentenced on November 4, 2010. Defendant's Notice of Motion, dated January 10, 2011 ("Def.'s Mot.") Ex. C (Dkt. No. 34).

In addition to his claims against Officer Wise, Cameron accuses a number of defendants, including various state court justices, state prosecutors, and his court-appointed attorneys, of "conspir[ing] together to purposely obstruct justice" and "to completely deny[] and depriv[e] [him] of his Due Process and Equal Protection of the Law." Compl. at 1. For example, he alleges that his court-appointed attorney, Eric Scott, "consciously and knowingly conspired with [Assistant District Attorney Dawn] Guglielmo in creating the forged [indictment]." Id. at 3-4. Additionally, he claims that the "Courts conspired with the wrongs [sic]" that violated his constitutional rights. Id. at 5.

### B. Procedural History

Cameron filed his original complaint on February 4, 2009, while his state court criminal proceedings were ongoing. Dkt. No. 2. Accordingly, on August 10, 2009, Magistrate Judge Eaton stayed this action with respect to all defendants except the State of New York until the resolution of Cameron's criminal proceedings. Dkt. No. 13. On June 12, 2009, Defendant State of New York had filed a motion to dismiss, which the Court granted on November 2, 2009. Dkt. Nos. 8, 16.

On March 2, 2010, the case was reassigned to me, and by Order of August 25, 2010, I instructed Cameron to notify the Court by September 24, 2010, if he wished to proceed with the action. Dkt. Nos. 19, 21. On September 24, Cameron moved to amend the complaint. Dkt. No. 23. On October 5, 2010, I ordered Wise to respond to the motion. Dkt. No. 22.

Cameron then submitted a letter along with a proposed second amended complaint to the Court on October 16, 2010, requesting the Court to "disregard all . . . past letters, and to entertain [the] present letter." Letter to the Court, dated October 16, 2010 (Dkt No. 26). By Order of November 3, 2010, I construed the October 16th letter as a motion to amend the complaint and lift the stay and ordered Wise to respond to the motion. Dkt. No. 25.

On January 10, 2011, Wise, whom Cameron had served with the second amended complaint, moved pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss it for failure to state a claim upon which relief can be granted.[2] Dkt. No. 34. Cameron filed an opposition to Wise's motion to dismiss on February 1, 2011. Dkt. No. 40. Wise filed a reply on March 1, 2011. Dkt. No. 41.

## II. LEGAL STANDARD

A complaint will not survive a Rule 12(b)(6) motion to dismiss if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Although "a complaint

---

[2] Wise does not oppose Cameron's motion to amend the complaint. Indeed, Wise treats the proposed amended complaint as if it has been accepted by the Court for filing. Accordingly, Cameron's motion to amend the complaint is granted. See Fed. R. Civ. P. 15(a)(2). Moreover, because Cameron's parallel state criminal proceedings have concluded, his motion to lift the stay is also granted. Whether to grant a stay is left to the discretion of the Court, and "it is well-settled that the Court may (and indeed, should) stay a federal Section 1983 action until resolution of parallel state court criminal proceedings." Doe v. City of New York, No. 09 Civ. 9895 (BSJ), 2010 WL 286643, at *1 (S.D.N.Y. Jan. 19, 2010) (quoting Estes-El v. Long Island Jewish Med. Ctr., 916 F. Supp. 268, 269 (S.D.N.Y. 1995)) (emphasis added). Plaintiff's motion docketed as number 27 should thus be closed.

attacked by a 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544 , 553 (2007) (internal quotation marks and citations omitted). "To survive a motion to dismiss, the complaint must set out only enough facts to state a claim to relief that is plausible on its face." Hollander v. Copacabana, 624 F.3d 30, 32 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)).

"[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 129 S. Ct. at 1950. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. A complaint thus may only survive a 12(b)(6) motion to dismiss if it has "facial plausibility" and pleads enough facts to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949.

## III. DISCUSSION

Cameron brings several claims against Officer Wise alleging violations of his constitutional rights. He also alleges that additional defendants, whom he has not properly served, violated his constitutional rights. For the reasons discussed below, Wise's motion should be dismissed with prejudice with respect to Cameron's conspiracy and deprivation of property claims, and without prejudice with respect to his false arrest and malicious prosecution claims.

- 5 -

Additionally, I recommend the claims against the following individuals and entities be dismissed sua sponte with prejudice:  Justices Lieb, Best, Iacovetta, and Clancy, Assistant District Attorneys Guglielmo and Birns, the New York City Police Department, the New York City Office of Chief Medical Examiner, the New York City Department of Forensic Biology, and attorneys Eric Scott and Alix Duroseau.  Finally, I recommend that the claims against Sergeant Chantel, Charles Hirsch, Office Jason Korpolinski, Mechthild Prinz, Eric Schneiderman, and Louis Serico be dismissed sua sponte without prejudice.[3]

### A. Claims Against Officer Wise

Cameron seeks money damages from Officer Wise because he "jump-started" the events leading to the instant action by manipulating Officer Korpolinski into making the "unlawful/false arrest," coercing Pickersgill into fabricating the false tampering with a witness charge, taking $200 from him, and conspiring against Cameron to keep him in prison while the paternity proceedings he initiated took place.  Compl. at 3, 6.  Cameron also alleges that "[t]he Courts and Officers of the Law 'conspired' with Pickersgill and Wise's unlawful paternity fraudulent acts [sic] . . . [by keeping Cameron] . . . in 'complete bondage' during the Family Court's proceedings . . . to 'ensure' 'slavery' upon Cameron."  Compl. at 5.  Construed broadly, Cameron appears to assert claims under 42 U.S.C. §§1983, 1985, and 1986.[4]

---

[3] Pursuant to Fed. R. Civ. P. 25(d), Eric Schneiderman, the current New York State Attorney General, has been substituted for Andrew Cuomo, the former New York State Attorney General against whom this action was originally brought.

[4] Courts are obligated to construe a pro se claim liberally.  Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).  Therefore, pro se complaints should be read to "raise the strongest argument that they suggest."  Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (citations omitted).  However, a court should not hesitate to dismiss a pro se plaintiff's claim if it fails altogether to satisfy a pleading requirement.  Barmapov v. Barry, No. 09 Civ. 03390 (RRM) (RML), 2011 WL 32371, at *2 (E.D.N.Y. Jan. 5, 2011) (citing Rodriguez v. Weprin, 116 F.3d 62, 65 (2d Cir. 1997)).

### 1. Section 1983 Claims

42 U.S.C. §1983 guards against the deprivation of an individual's constitutional rights by someone acting under the color of state law. See AK Tournament Play, Inc. v. Town of Wallkill, No. 09 Civ. 10579 (LAP), 2011 WL 197216, at *2 (S.D.N.Y. Jan. 19, 2011). Under the statute, "'anyone acting under color of any [state] statute, ordinance, regulation, custom, or usage,' who causes a United States citizen to be deprived 'of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.'" Sybalski v. Indep. Grp. Home Living Program, Inc., 546 F.3d 255, 257 (2d Cir. 2008) (quoting 42 U.S.C. §1983). "The Supreme Court has explained that '[t]he purpose of §1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.'" Id. (quoting Wyatt v. Cole, 504 U.S. 158, 161 (1992)).

A plaintiff seeking relief under §1983 must allege that (1) the challenged conduct was attributable to a person acting under color of state law, and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution. Terry v. Gary, No. 08 Civ. 8127 (GAY), 2010 WL 4273302, at *3 (S.D.N.Y. Oct. 27, 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

#### a. False Arrest and Malicious Prosecution

Cameron alleges that Wise initiated his arrest and his criminal proceedings when he instructed Officer Korpolinski to make an arrest based on false charges. Compl. at 3, 6. When Officer Wise saw Cameron in the precinct, Cameron alleges, he "got on his cellphone, called Pickersgill and began coercing her into fabricating the false tampering charges of 6/17/08"— charges which eventually led to Cameron's prosecution. Id. at 3. Construed liberally,

Cameron's complaint asserts claims for false arrest and malicious prosecution. In moving to dismiss, Wise contends that because Cameron was convicted of the crimes for which he was arrested and prosecuted and because he did not allege that his "conviction or sentence has been 'reversed, expunged, invalidated, or impugned,'" the complaint must be dismissed under the principles set forth in Heck v. Humphrey, 512 U.S. 477 (1994)—that "[§]1983 claims for false arrest and malicious prosecution cannot lie if a plaintiff's conviction has not been invalidated." Defendant's Memorandum of Law, dated January 10, 2011 ("Def.'s Mem.") (Dkt. No. 34) at 6-7. I agree.

Section 1983 claims based on false arrest and malicious prosecution concern the deprivation of a constitutional right provided by the Fourth Amendment. See Manganiello v. City of New York, 612 F.3d 149, 160-61 (2d Cir. 2010) (citations omitted) (§1983 action based on malicious prosecution derived from Fourth Amendment); Torraco v. Port Auth. of New York & New Jersey, 615 F.3d 129, 139 (2d Cir. 2010) (citation omitted) (§1983 action for false arrest derived from Fourth Amendment). Additionally, §1983 claims for false arrest and malicious prosecution are analyzed under the law of the state in which the arrest and prosecution occurred—here, New York. See, e.g., Davis v. Rodriguez, 364 F.3d 424, 433 (2d Cir. 2004); Jocks v. Tavernier, 316 F.3d 128, 134 (2d Cir. 2003) (citations omitted).

A plaintiff wishing to bring a false arrest or imprisonment claim under §1983 in New York must show that "(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of his confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." Albergottie v. New York City, No. 08 Civ. 8331 (SHS), 2011 WL 519296, at *7 (S.D.N.Y. Feb. 15, 2011) (citing Singer v. Fulton Cnty. Sheriff, 63 F.3d 110, 118 (2d Cir. 1995)). Confinement is deemed privileged if the plaintiff was confined

- 8 -

pursuant to a warrant that is facially valid and supported by probable cause. Id. (citing Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996)). Additionally, a claim for malicious prosecution in New York must state "(1) that the defendant commenced or continued a criminal proceeding against him; (2) that the proceeding was terminated in the plaintiff's favor; (3) that there was no probable cause for the proceeding; and (4) that the proceeding was instituted with malice." DeStefano v. Duncanson, No. 08 Civ. 3419 (GBD), 2011 WL 651452, at *2 (S.D.N.Y Feb. 10, 2011) (quoting Droz v. McCadden, 580 F.3d 106, 109 (2d Cir. 2009)).

The Second Circuit has made it clear that the existence of probable cause is a complete bar to a claim for malicious prosecution or false arrest. D'Olimpio v. Cristafi, 718 F. Supp. 2d 357, 364-65 (S.D.N.Y. 2010) (citing Jenkins v. City of New York, 478 F.3d 76, 84 (2d Cir. 2007) and Bonide Prods., Inc. v. Cahill, 223 F.3d 141, 145 (2d Cir. 2000)). If a plaintiff was convicted of the crime for which he was arrested, such a conviction establishes probable cause. Rivera v. Federlin, No. 08 Civ. 7293 (PAC) (KNF), 2011 WL 338043, at *1 (S.D.N.Y. Jan 31, 2011) (citing Cameron v. Fogarty, 806 F.2d 380, 387 (2d Cir. 1986)).

Moreover, in Heck v. Humphrey, the Supreme Court held that relief under §1983 is unavailable to a plaintiff if "a judgment in favor of plaintiff would necessarily imply the invalidity of his conviction or sentence." Skinner v. Switzer, __ S. Ct.__, No. 09-9000, 2011 WL 767703, at *8 (U.S. Mar. 7, 2011) (citing Heck, 512 U.S. at 487). The Supreme Court, in Heck, also stated that to succeed in a §1983 claim for money damages "a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87 (citations omitted). The Heck doctrine applies equally to false arrest and malicious prosecution claims.

See, e.g, Fleming v. City of New York, No. 02 Civ. 4113 (PKC), 2006 U.S. Dist. LEXIS 20768, at *9-10 (S.D.N.Y. Apr. 19, 2006) (guilty plea barred false arrest and malicious prosecution claims because conviction not reversed or otherwise declared invalid). "'Disposition of the case on Heck grounds . . . warrants only dismissal without prejudice, because the suit may be reinstituted should plaintiff's conviction be expunged by executive order, declared invalid . . . , or called into question by a federal court's issuance of a writ of habeas corpus.'" Subgidio v. Graiani, No. 05 Civ. 4065 (GBD) (GWG), 2006 WL 648229, at *9 (S.D.N.Y. Mar. 16, 2006) (quoting Amaker v. Weiner, 179 F.3d 48, 52 (2d Cir. 1999) (internal quotations omitted)).

Neither party disputes that Cameron was convicted in state court proceedings presided over by Justice Clancy.[5] Compl. at 11; Def.'s Mem. at 7. His conviction establishes the existence of probable cause, which is fatal to his false arrest and malicious prosecution claims. E.g., Cristafi, 718 F. Supp. 2d at 364-65. Furthermore, as Cameron nowhere alleges that his conviction has been overturned or invalidated, the claims are additionally barred under Heck. Fleming, 2006 U.S. Dist. LEXIS 20768, at *9-10. Accordingly, I recommend that Cameron's claims for false arrest and malicious prosecution be dismissed without prejudice.

**b. Deprivation of Property**

Cameron alleges that on June 17, 2008, when he went to the precinct to retrieve his cell phone and $400, Officer Wise "stopped, searched and relieved Cameron of $200 [ ] that Cameron had in his back pocket," without giving him a voucher, prior to arresting him. Compl.

---

[5] Wise establishes Cameron's criminal conviction with Cameron's November 4, 2010, Uniform Sentence and Commitment Form, a public record from Cameron's criminal file. Def.'s Mot. Ex. C. The Court can take judicial notice of this document and consider it in deciding the motion. Valez v. City of New York, No. 08 Civ. 3875 (DLC), 2010 WL 1460703, at *2 n.6 (S.D.N.Y. Apr. 12, 2010) ("[A] court may take 'judicial notice of state court records'" (quoting Scherer v. Equitable Life Assurance Soc'y, 347 F.3d 394, 402 (2d Cir. 2003))).

at 3. Wise argues that "a claim for deprivation of property cannot lie in federal court if the state court provides an adequate remedy for the deprivation of that property." Def.'s Mem. at 11. Because New York provides an adequate remedy for individuals pursuing claims for deprivation of property against those acting under the color of state law in the New York Court of Claims, Wise contends that Cameron should be precluded from bringing such a claim in federal court. Id. I agree.

Section 1983 claims for deprivation of property allege a violation of due process provided by the Fourteenth Amendment. Harrington v. Cnty. of Suffolk, 607 F.3d 31, 34 (2d Cir. 2010). Claims for deprivation of property by a state actor, whether intentional or negligent, fail if the state provides for an adequate remedy to address the alleged deprivation. Nogbou v. Mayrose, No. 07 Civ. 3763 (RWS), 2009 WL 3334805, at *5 (S.D.N.Y. Oct. 15, 2009) (citing Dove v. City of New York, No. 99 Civ. 3020 (DC), 2000 WL 342682, at *2 (S.D.N.Y. Mar. 30, 2000)); see also Alloul v. City of New York, No. 09 Civ. 7726 (JSR) (FM), 2010 WL 5297215, at *6-7 (S.D.N.Y. Dec. 21, 2010). However, "an adequate post-deprivation remedy is a defense to a Section 1983 due process claim only where the deprivation is random and unauthorized." Reid v. City of New York, 212 Fed. App'x 10, 11 (2d Cir. 2006) (summary order) (citing Butler v. Castro, 896 F.2d 698, 700 (2d Cir. 1990)). The Second Circuit has distinguished between the actions of lower ranking officials and those holding higher positions, stating that actions taken by "a high ranking official having final authority over the decision-making process . . . are not random or unauthorized." Dwyer v. Regan, 777 F.2d 825, 832 (2d Cir. 1985). In addition, New York State permits an inmate to bring a claim for deprivation of property against the State through Section 9 of the New York Court of Claims Act. See, e.g., Abreu v. Romero, No. 08

- 11 -

Civ. 10129 (LAP), 2010 WL 4615879, at *9 (S.D.N.Y. Nov. 9, 2010) (citing Smith v. O'Connor,

901 F. Supp. 644, 647 (S.D.N.Y. 1995)).

Here, Cameron has available state remedies with the New York Court of Claims

regarding his deprivation of property claim, so this claim should be dismissed with prejudice.

See Abreu, 2010 WL 4615879, at *9 (plaintiff's deprivation of property claim dismissed because

of adequate state remedies with New York Court of Claims); Smith, 901 F. Supp at 647

("Because plaintiff was not deprived of his property without due process of law in that he had an

adequate remedy to vindicate his alleged loss, he cannot state a claim for relief under §1983 that

his constitutional rights were violated.") (citing Love v. Coughlin, 714 F.2d 207, 208-9 (2d Cir.

1983)); see also Alloul, 2010 WL 5297215, at *6-7 (§1983 deprivation of property claim

dismissed because plaintiff could have brought state claim for negligence or conversion);

Nogbou, 2009 WL 3334805, at *6 (dismissing plaintiff's §1983 deprivation of property claim for

plaintiff's failure to avail himself of adequate state remedies).

Moreover, Cameron has not claimed that the alleged theft resulted from established state

procedures or that it was anything more than a "random or unauthorized" deprivation caused by

a lower ranking official, so his deprivation of property claim should be dismissed with prejudice

on that ground as well. See, e.g., Dover v. City of New York, No. 99 Civ. 3020 (DC), 2000 U.S.

Dist. LEXIS 4053, at *8 (S.D.N.Y. Mar. 30, 2000) (dismissing claim that director of men's

shelter stole briefcases as "random and unauthorized act" rather than established state

procedure); Nogbou, 2009 WL 3334805, at *5-6 (dismissing claim that possessions taken when

police officers arrested man for sleeping on streets as random, unauthorized deprivations, not

resulting from state procedure).

### c. Conspiracy

Cameron alleges that Officer Wise conspired with Pickersgill, and others, to keep him away from the Family Court proceedings. Compl. at 5. Wise argues the conspiracy claim fails, as Cameron's complaint "is entirely devoid of facts to show that any of the defendants had a 'tacit understanding' or a 'meeting of the minds' with each other . . . to deprive him of his constitutionally protected rights." Def.'s Mem. at 10 (citations omitted). I agree and recommend that the conspiracy claim be dismissed.

To bring a §1983 conspiracy claim, a plaintiff must show "'(1) an agreement between two more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act in furtherance of that goal causing damages.'" AK Tournament Play, 2011 WL 197216, at *3 (quoting Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999)). If a plaintiff fails to show an underlying constitutional violation on which to base a §1983 conspiracy claim, the conspiracy claim fails as a matter of law. Id. at *3 (citing Curley v. Vill. of Suffern, 268 F.3d 65, 72 (2d Cir. 2001)); Singer, 63 F.3d at 119. Finally, to survive a motion to dismiss, the claim must contain facts that plausibly suggest a meeting of the minds and provide some details of time and place and must not contain "conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights." Id. at *3 (citing Romer v. Morgenthau, 119 F. Supp. 2d 346, 363 (S.D.N.Y. 2000)).

Even assuming, for argument's sake, that Cameron had alleged a viable constitutional violation, his claim fails as he has not alleged that Officer Wise had an agreement of any kind with Pickersgill or any other defendant. Instead, he only makes the conclusory allegation that "[t]he Courts and Officers of the Law 'conspired' with Pickersgill and Wise's unlawful paternity

fraudulent acts [sic]." Compl. at 5.  His conspiracy claims should therefore be dismissed with prejudice.

### 2.  Claims under Sections 1985 and 1986

42 U.S.C. §1985(2) and (3) also provide relief for claims of conspiracy.  To make out a claim under §1985(2), a plaintiff must show "(1) a conspiracy (2) for the purpose of impeding, hindering, obstructing, or defeating, in any manner, (3) the due course of justice in any State or Territory, (4) with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws." Rodriguez v. City of New York, No. 05 Civ. 10682 (PKC) (FM), 2008 WL 4410089, at *15 (S.D.N.Y. Sept. 25, 2008) (citing 42 U.S.C. §1985(2)).  The elements of a claim under §1985(3) are: "'(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, . . . ; (3) an act in furtherance of the conspiracy; (4) whereby a person is . . . deprived of any right of a citizen of the United States.'"  Id. (quoting Brown v. City of Oneonta, 221 F.3d 329, 341 (2d Cir. 2000) (citations omitted)).

As with §1983 conspiracy claims, §1985 claims require a showing of some underlying constitutional violation.  Okoh v. Sullivan, No. 10 Civ. 2547 (SAS), 2011 WL 672420, at *4 (S.D.N.Y. Feb. 24, 2011); Bishop v. Best Buy, Co. Inc., No. 08 Civ. 8427 (LBS), 2010 WL 4159566, at *13 (S.D.N.Y. Oct. 13, 2010).  §1985 claims must also allege "'some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end.'"  Arar v. Ashcroft, 585 F.3d 559, 569 (2d Cir. 2009) (quoting Webb v. Goord, 340 F.3d 105, 110-11 (2d Cir. 2003)).

As discussed above, Cameron fails to allege any non-conclusory facts to support an agreement between Wise and Pickersgill, or anyone else. Therefore, I recommend the conspiracy claim under §1985 be dismissed with prejudice. See Farbstein v. Hicksville Pub. Library, 254 Fed. App'x 50, 51 (2d Cir. 2007) (summary order) (dismissing pro se conspiracy claim for failing to allege a "'factual basis supporting a meeting of the minds . . . to achieve the [charged] unlawful end'") (quoting Webb, 340 F.2d at 110-11)).

Cameron also mentions 42 U.S.C. §1986 in his complaint but does not link any specific allegations to the statute. Relief under §1986 necessarily requires a valid §1985 claim. See Thomas v. Roach, 165 F.3d 137, 147 (2d Cir. 1999) ("[A] §1986 claim must be predicated upon a valid §1985 claim) (citing Dacey v. Dorsey, 568 F.2d 275, 277 (2d Cir. 1978)). Accordingly, I recommend that any claims brought under §1986 also be dismissed with prejudice.

### B. Claims Against the Other Named Defendants

Though Cameron names 18 defendants in his proposed second amended complaint, only Officer Wise has been served with a copy of the complaint (Dkt. No. 11). While ordinarily Cameron would be permitted to serve the other defendants named in the second amended complaint, he should have no such opportunity here as the claims against all of the other defendants are facially invalid. In light of the claims' facial invalidity, I recommend they be dismissed sua sponte with prejudice, except for claims against defendants Sergeant Chantel, Charles Hirsch, Officer Jason Korpolinski, Mechthild Prinz, Eric Schneiderman, and Louis Serico, which should be dismissed without prejudice. See, e.g., Hidalgo v. Kikendall, No. 08 Civ. 7536 (DC), 2009 WL 2176334, at *5 (S.D.N.Y. July 22, 2009) ("The Prison Litigation Reform Act of 1996 . . . authorizes district judges to dismiss a prisoner complaint sua sponte if it

is 'frivolous, malicious, or fails to state a claim upon which relief can be granted.'") (quoting 28 U.S.C. §1915A(b)(1)).

### 1. Absolute Immunity for State Court Justices

Cameron brings claims against four state court justices: the Honorable Judith Lieb, the Honorable Miriam Best, the Honorable Nicholas Iacovetta, and the Honorable Margaret Clancy. See Compl. at 1. Because these justices benefit from absolute immunity, I recommend that the claims against these defendants be dismissed with prejudice.

The common law doctrine of absolute immunity protects judges from civil damages suits under §1983 for actions performed in their judicial capacities. See, e.g., Ceparano v. Southampton Justice Ct., __ F. 3d __, No. 10-2958-pr, 2011 WL 13903, at *1 (2d Cir. Jan. 5, 2011); Lewittes v. Lobis, No. 04 Civ. 0155 (JSR) (AJP), 2004 WL 1854082, at * 3 (S.D.N.Y. Aug. 19, 2004) (quoting Mireles v. Waco, 502 U.S. 9, 9-12 (1991)) ("A long line of this Court's precedents acknowledges that, generally, a judge is immune from a suit for money damages."). Whether an act occurred in a judge's "judicial capacity" depends on the "nature of the act [complained of] itself, *i.e.*, whether it is a function normally performed by a judge, and [on the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." Ceparano, 2011 WL 13903, at *1 (quoting Stump v. Sparkman, 435 U.S. 349, 362 (1978)). As long as a judge is acting within his or her judicial capacity, the "judge will not be deprived of immunity because the action he [or she] took was in error, was done maliciously, or was in excess of his authority; rather, he [or she] will be subject to liability only when he [or she] has acted in the 'clear absence of all jurisdiction.'" Id. (quoting Stump, 435 U.S. at 356-57).

Cameron claims that Justice Lieb denied his bail application, despite knowing that he was being held on the basis of an allegedly forged indictment. Compl. at 10. He charges that Justice

Best denied his motion to dismiss the indictment despite knowing that Cameron had not received proper grand jury notice and that the indictment was forged. Compl. at 8-9. Cameron further alleges that Justice Iacovetta displayed racial bias during Cameron's pre-trial hearing and when he dismissed Cameron's petition for a writ of habeas corpus. Compl. at 11. Finally, Cameron alleges that Justice Clancy convicted Cameron despite knowing the indictment to be forged. Compl. at 11. All of the actions that Cameron complains of—denying his bail application, denying a motion to dismiss, dismissing the habeas petition, and presiding over a criminal trial and sentencing—are acts performed within the judicial capacities of the four justices. Accordingly, all claims against the four justices should be dismissed with prejudice. See, e.g., Tapp v. Champagne, 164 Fed. App'x 106, 108 (2d Cir. 2006) (summary order) (affirming sua sponte dismissal of §1983 claims against judges protected by absolute immunity); see also Hancock v. McLaughlin, No. 10 Civ. 4607 (DLC), 2010 WL 5094615, at *2 (S.D.N.Y. Dec. 13, 2010) (dismissing claims against judges who dismissed plaintiff's motion to suppress evidence, presided at plaintiff's criminal trial, and sentenced plaintiff, as acts performed in the course of judicial functions and barred under absolute immunity); Phelan v. Sullivan, No. 05 Civ. 724 (DNH) (ATB), 2010 WL 2948217, at *4-5 (N.D.N.Y. Jul. 7, 2010) (dismissing claims against judge for denying plaintiff's bail application as barred by absolute immunity and as falling under judge's judicial capacity).

### 2.   Absolute Immunity of Prosecutors Guglielmo and Birns

Cameron also asserts claims against Assistant District Attorneys Dawn Guglielmo ("ADA Guglielmo") and Bruce Birns ("ADA Birns"). Like judges, prosecutors, including assistant district attorneys acting within the scope of their duties, "are entitled to absolute immunity . . . because their prosecutorial activities are intimately associated with the judicial

phase of the criminal process." Hancock, 2010 WL 5094615, at *2 (quoting Cornejo v. Bell, 592

F.3d 121, 127 (2d Cir. 2010)).  However, for any conduct undertaken in an investigative

capacity, prosecutors have only qualified immunity.  Watson, No. 09 Civ. 3055 (KMK), 2010

WL 3835047, at *15 (S.D.N.Y. Sept. 30, 2010) ("[W]hen a prosecutor . . . performs the

investigative functions normally performed by a detective or police officer, he is eligible only for

qualified immunity.") (citations omitted).

     Cameron alleges that ADA Guglielmo "forged" the indictment by inserting charges into

it that Cameron was never able to testify about and that she had insufficient evidence to present

to the grand jury to render a vote of a true bill.  Compl. at 2, 5.  He charges that despite knowing

about the forged indictment, ADA Birns did not dispose of the case, but instead continued with

the prosecution.  Compl. at 9.  Because the actions Cameron complains of are prosecutorial

activities, the claims against ADA Guglielmo and ADA Birns should be dismissed with

prejudice.  See, e.g., Timmons, 164 Fed. App'x at 108 (affirming sua sponte dismissal of §1983

claims against prosecutors protected by absolute immunity); Watson, 2010 WL 3835047 at *14

(prosecutors immune for conduct including "'evaluating and organizing evidence for

presentation at trial or to a grand jury'") quoting Hill v. City of New York, 45 F.3d 653, 661 (2d

Cir. 1995))); Calderon v. Morgenthau, No. 04 Civ. 8905 (NRB), 2005 WL 1668617, at *1 n.1

(S.D.N.Y. July 15, 2005) (sua sponte dismissing §1983 claims against unserved prosecutor on

grounds of immunity).

### 3.  No Personal Involvement of Sergeant Chantel, Charles Hirsch, Mechthild Prinz, and Eric Schneiderman

     Cameron seeks money damages from Sergeant Chantel, Charles Hirsch, Mechthild Prinz,

and Eric Schneiderman, claiming, in various forms, that those defendants failed to supervise the

individuals directly involved in the violations and conspired with the wrongful acts. Compl. at 7, 10, 12.

"'[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award for damages under §1983.'" Albergottie, 2011 WL 519296, at *8 (quoting Schomo v. City of New York, 579 F.3d 176, 184 (2d Cir. 2009)). A defendant's conduct must be a proximate cause of the claimed §1983 violation. De Jesus v. Albright, No. 08 Civ. 5804 (DLC), 2011 WL 814838, at *5 (S.D.N.Y. Mar. 9, 2011) (citing Martinez v. California, 444 U.S. 277, 285 (1980)). Therefore, "the doctrine of respondeat superior . . . does not suffice to impose liability for damages under section 1983 on a defendant acting in a supervisory capacity." Id. (quoting Hayut v. State Univ. of N.Y., 352 F.3d 733, 753 (2d Cir. 2003)).

Because Cameron has not alleged that Sergeant Chantel, Charles Hirsch, Mechthild Prinz, or Eric Schneiderman were personally involved in the actions giving rise to his complaint, claims against those defendants should be dismissed without prejudice. See Bridgewater v. Taylor, 698 F. Supp. 2d 351, 361-62 (S.D.N.Y. 2010) (sua sponte dismissing §1983 claims without prejudice against unserved defendants for no allegations of personal involvement).

### 4. The NYC Police Department, the NYC Office of Chief Medical Examiner, and the NYC Department of Forensic Biology not Suable Entities

In his complaint, Cameron also names city agencies the NYC Police Department, the NYC Office of Chief Medical Examiner, and the NYC Department of Forensic Biology. Compl. at 1, 7, 10. New York City's charter provides that an agency cannot be subject to suit. See Lawrence v. City of Cadillac, No. 10 Civ. 3324 (PKC), 2010 WL 5174209, at *2 (S.D.N.Y. Dec. 9, 2010) (quoting Ximines v. George Wingate High Sch., 516 F.3d 156, 160 (2d Cir. 2008)) ("'Section 396 of the Charter has been construed to mean that New York City departments, as

- 19 -

distinct from the City itself, lack the capacity to be sued.'"). The claims against the agency

defendants should therefore be dismissed with prejudice. See, e.g., Melendez v. Nassau Cnty.,

No. 10 Civ. 2516 (SJF) (WDW), 2010 WL 3748743, at *5-6 (E.D.N.Y. Sept. 17, 2010) (sua

sponte dismissing claims against municipal departments because not suable entities).

### 5. Officer Korpolinski, Eric Scott, Alix Duroseau, and Louis Serico

Cameron brings a claim against Officer Korpolinski for false arrest. Compl. at 6-7. He

also alleges that Louis Serico falsified his paternity results, which led to his conviction. Compl.

at 9. Under the Heck principles discussed above in Part III.A.1.a, these claims should be

dismissed without prejudice as Cameron has not shown that his conviction was overturned or

invalidated and because Cameron's allegations of due process violations "'would necessarily

imply the invalidity of his conviction or sentence.'" Rosato v. New York Cnty. Dist. Attorney's

Office, No. 09 Civ. 3742 (DLC), 2009 WL 4790849, at *4 (S.D.N.Y. Dec. 14, 2009) (quoting

Heck, 512 U.S. at 487) (dismissing fabrication of evidence claim, and others, as barred by

Heck's favorable termination requirement); see also Clarke v. Lapera, No. 05 Civ. 2922 (ADS)

(JO), 2005 WL 2445470, at * 3-4 (E.D.N.Y. Sept. 29, 2005) (sua sponte dismissing §1983

malicious prosecution claim because conviction had not been reversed or otherwise invalidated).

Cameron also brings claims against his attorneys Eric Scott and Alix Duroseau, claiming

that Scott conspired with ADA Guglielmo to create the forged indictment and improperly waived

Cameron's right to testify before the grand jury without his consent, and charging that Duroseau

failed to properly represent him and conspired with ADA Birns. Compl. at 4-6, 8.

To bring a claim under §1983, a plaintiff must allege that a defendant acting under color

of state law deprived him of his constitutional rights. E.g., Esposito v. New York, 355 Fed.

App'x 511, 512 (2d Cir. 2009) (summary order). Neither Scott nor Duroseau were acting under

the color of state law here; accordingly Cameron's claims against them should be dismissed with prejudice. See, e.g., Tapp, 164 Fed. App'x at 108 (affirming sua sponte dismissal of §1983 claims against public defenders because not acting under color of state law); Avile v. Feitell, No. 07 Civ. 2987 (WHP), 2008 WL 2139153, at *2 (S.D.N.Y. May 20, 2008) (dismissing §1983 claims because court-appointed attorney not acting under color of state law). To the extent that Cameron brings conspiracy claims against the attorneys under §1985, those claims should also be dismissed with prejudice because Cameron has failed to allege sufficient facts to suggest that any of the defendants had an agreement, as discussed in Part III.A.1.c supra.

### IV. CONCLUSION

For the foregoing reasons, I recommend that Defendant Wise's motion to dismiss be granted with prejudice with respect to Cameron's conspiracy and deprivation of property claims, and without prejudice with respect to his false arrest and malicious prosecution claims. Furthermore, I recommend that the claims against all other defendants be dismissed sua sponte with prejudice pursuant to 28 U.S.C. §1915A(b) for failure to state a cause of action, except for claims against Sergeant Chantel, Charles Hirsch, Officer Jason Korpolinski, Mechthild Prinz, Eric Schneiderman, and Louis Serico, which should be dismissed without prejudice.

### PROCEDURES FOR FILING OBJECTIONS

Pursuant to 28 U.S.C. §636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to such objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable P. Kevin Castel and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, New York, New York, 10007. Any requests for an extension of time for filing objections

must be directed to Judge Castel. **FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010) (citing Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003) and Mario v. P&C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002)); 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72.  If Plaintiff does not have access to cases cited herein that are reported on LexisNexis or Westlaw, he should request copies from Defendant's counsel. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).


Dated: New York, New York
　　　　April 19, 2011

　　　　　　　　　　　　　　　　　　　　　　　　　JAMES L. COTT
　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge



Copies sent by mail to:

Gilbert O. Cameron
895-10-00-336
15-15 Hazen Street
East Elmhurst, NY 11370


Diep Nguyen
Assistant Corporation Counsel
100 Church Street
New York, NY 10007