USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-4-11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
GILBERT O. CAMERON,

                Plaintiff,

-against-

P.O. SIDNEY WISE, shield #2468, et al.

                Defendants.
-----------------------------------------------------------x

09 Civ. 967 (PKC) (JLC)

ORDER ADOPTING REPORT
AND RECOMMENDATION

P. KEVIN CASTEL, U.S.D.J.

        On June 11, 2008, plaintiff Gilbert O. Cameron was arrested on charges which included burglary and assault. (Prop. Am. Compl. Ex. A, at 3.) Plaintiff alleges these charges were based upon falsehoods by a woman identified only as "Pickersgill" in retaliation for plaintiff initiating paternity proceedings to prove that he was the biological father of Pickersgill's daughter, Arianna. (Docket #26.) Plaintiff was released from the police precinct on his own recognizance (Prop. Am. Compl. Ex. G, at 2) and left behind his cell phone and $400. (Compl. at 3.) He alleges that when he returned to retrieve his items, defendant Sidney Wise, a New York City police officer, called Pickersgill and coerced her into fabricating a charge of tampering with a witness, took $200 from him and instructed Officer Jason Korpolinski to arrest him. (Compl. at 3.)

        Plaintiff also alleges that because he was held on these charges, he was unable to attend the paternity proceedings held on July 28, 2008, in violation of his constitutional rights. (Compl. at 5.) On June 22, 2010, he was convicted of second degree burglary, second degree assault, and other related charges in proceedings in New York Supreme Court, and was sentenced on November 4, 2010. (Docket No. 34.)

On February 4, 2009, Cameron, proceeding pro se, commenced this action while his state court criminal proceedings were ongoing, bringing claims under 42 U.S.C. §§ 1983, 1985 and 1986 against eighteen defendants. Of the named defendants, Cameron has served only Police Officer Wise with the second amended complaint. Plaintiff contends that Wise and the other defendants conspired to keep him "in 'complete bondage' during the Family Court's proceedings . . . to 'ensure' slavery upon Cameron." (Compl. at 5.) He also alleges that Wise "jump-started" the events leading to the instant action by manipulating Korpolinski into making the "unlawful/false arrest," coercing Pickersgill into fabricating the false tampering with a witness charge and taking $200 from him. (Compl. at 5.) Construing the plaintiff's pro se complaint liberally, he asserts claims for false arrest, malicious prosecution, deprivation of property, and conspiracy.

On June 12, 2009, defendant State of New York filed a motion to dismiss, which the Court granted on November 2, 2009. (Docket #8, 16.) On January 10, 2011, Wise filed a motion to dismiss, pursuant to Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim upon which relief can be granted, which the undersigned referred to Magistrate Judge James L. Cott to hear and report. (Docket #34.) On February 11, 2011, Cameron filed an opposition to Wise's motion to dismiss. (Docket #40.) On March 1, 2011, Wise filed a reply. (Docket #41.)

Magistrate Judge Cott issued a Report & Recommendation ("R&R") in this case on April 19, 2011, which recommended that Wise's motion to dismiss be granted and that the claims against the other defendants be dismissed. (R&R at 1.) After extending his time to file objections, plaintiff filed his objections on May 10, 2011. (Docket #45.) I therefore consider the R&R and the petitioner's objections thereto.

Having reviewed the R&R de novo, I conclude that it is well-reasoned and

2

grounded in fact and in law. It is adopted in its entirety. I briefly address each of petitioner's claims in turn.

STANDARD OF REVIEW

In reviewing a report and recommendation, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). On points as to which no objection has been made, the report will be adopted absent clear error, but on points where a party has filed timely objections, the court shall review the report de novo. Edwards v. Fischer, 414 F. Supp. 2d 341, 346-47 (S.D.N.Y. 2006).

DISCUSSION

1. Claims Against Wise

    a. False Arrest and Malicious Prosecution

Plaintiff claims that Wise initiated his arrest and criminal proceedings when he instructed Korpolinski to make an arrest based on false charges and coerced Pickersgill "into fabricating the false tampering charges of 6/17/08." (Compl. at 3, 6.) Magistrate Judge Cott properly concluded that section 1983 claims for false arrest and malicious prosecution are not actionable if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Heck v. Humphrey, 512 U.S. 477, 487 (1994). Under the Heck doctrine, the plaintiff must show that his conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87. Accordingly, "[d]isposition of the case on Heck grounds . . . warrants only dismissal without prejudice,

3

because the suit may be reinstituted should plaintiff's conviction be expunged by executive order, declared invalid . . . , or called into question by a federal court's issuance of a writ of habeas corpus." Amaker v. Weiner, 179 F.3d 48, 52 (2d Cir. 1999) (internal quotations omitted).

Plaintiff does not specifically object to the recommendation of dismissal of these claims. Because he has been convicted in state court for the crimes for which he was arrested, the claims are barred under Heck because plaintiff does not allege that his conviction has been overturned or invalidated.[1] Heck, 512 U.S. at 486-87. This Court adopts Magistrate Judge Cott's recommendation that the false arrest and malicious prosecution charges be dismissed without prejudice.

### b. Deprivation of Property

Plaintiff alleges that when he returned to the precinct to retrieve his cell phone and $400, Wise "stopped, searched and relieved Cameron of $200 [ ] that Cameron had in his back pocket," without giving him a voucher, prior to arresting him. (Compl. at 3.) Magistrate Judge Cott explained that where New York provides an adequate remedy for individuals pursuing a claim for deprivation of property against those acting under the color of state law, the plaintiff is precluded from bringing such a claim in federal court. See Franco v. Kelly, 854 F.2d 584, 588 (2d Cir. 1988); Abreu v. Romero, No. 08 Civ. 10129 (LAP), 2010 WL 4615879, at *9 (S.D.N.Y. Nov. 9, 2010) (an inmate may bring a claim for deprivation of property against New York State under Section 9 of the New York Court of Claims Act).

Plaintiff did not make any specific objections to the recommendation of

---

[1] The state prosecution of an individual is a matter of public record, of which a court may take judicial notice. Shmueli v. City of New York, 424 F.3d 231, 233 (2d Cir. 2005). This Court takes judicial notice of

4

dismissal of this claim. This Court adopts Magistrate Judge Cott's recommendation that the claim should be dismissed with prejudice. (R&R at 12.)

c. Conspiracy

Plaintiff asserts that Wise conspired with Pickersgill and others to keep him away from the Family Court Proceedings. (Compl. at 5.) To prevail on a section 1983 conspiracy claim, a plaintiff must establish facts that plausibly suggest a meeting of the minds, provide some details of time and place and must not contain "conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights." Romer v. Morgenthau, 119 F. Supp. 2d 346, 363 (S.D.N.Y. 2000) (citing Boddie v. Schnieder, 105 F.3d 857, 862 (2d Cir. 1997)).

Plaintiff has not specifically objected to Magistrate Judge Cott's recommendation of dismissal of Wise's conspiracy claim. Magistrate Judge Cott correctly concluded that plaintiff offers no plausible factual allegations to support his assertion that Wise had an agreement with Pickersgill or any defendant; his conclusory allegations of conspiracy are insufficient. (R&R at 13.) Magistrate Judge Cott's recommendation is adopted and the conspiracy claim is dismissed with prejudice.

d. Claims Under Section 1985 and 1986

Plaintiff also alleges conspiracy claims against Wise under sections 1985 and 1986. Relief under section 1986 requires a valid section 1985 claim. See Thomas v. Roach, 165 F.3d 137, 147 (2d Cir. 1999) ("[A] § 1986 claim must be predicated upon a valid § 1985 claim."). As with section 1983 claims, a section 1985 claim requires more than conclusory allegations to support "a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." Arar v.

---

plaintiff's conviction.

5

Ashcroft, 585 F.3d 559, 569 (2d Cir. 2009) (quoting Webb v. Goord, 340 F.3d 105, 110 (2d Cir. 2003)).

This Court adopts Magistrate Judge Cott's recommendation that the section 1985 claim be dismissed with prejudice because, as discussed above, plaintiff does not allege any non-conclusory facts to support any agreement. (R&R at 15.) The section 1986 claim is also dismissed with prejudice because there is no valid section 1985 claim. (Id.)

### 2. Claims Against Other Named Defendants

Wise is the only defendant that was served the proposed second amended complaint of the eighteen defendants. (R&R at 15.) Magistrate Judge Cott recommends that the remaining claims be dismissed sua sponte with prejudice, except for claims against Sergeant Chantel, Charles Hirsch, Officer Jason Korpolinski, Mechthild Prinz, Eric Schneiderman, and Louis Serico, which should be dismissed without prejudice. See, e.g., Hidalgo v. Kikendall, No. 08 Civ. 7536 (DC), 2009 WL 2176334, at *5 (S.D.N.Y. July 22, 2009) ("The Prison Litigation Reform Act of 1996 . . . authorizes district judges to dismiss a prisoner complaint sua sponte if it is 'frivolous, malicious, or fails to state a claim upon which relief can be granted.'") (quoting 28 U.S.C. § 1915A(b)(1)). This Court will address each of the claims in turn.

#### a. Absolute Immunity for State Court Judges

Plaintiff brings claims against four state court judges. (See Compl. at 1.) He asserts that Justice Leib denied his bail application, even though she knew plaintiff was being held on the basis of an allegedly forged document. (Compl. at 10.) Plaintiff contends that Justice Best knew plaintiff had not received proper grand jury notice and that the indictment

6

was forged, yet he still denied his motion to dismiss the indictment. (Compl. at 8-9.) Plaintiff also alleges that Justice Iacovetta displayed racial bias during plaintiff's pre-trial hearing and when he dismissed plaintiff's petition for a writ of habeas corpus. (Compl. at 11.) Lastly, plaintiff claims that Justice Clancy knew the indictment was forged but still convicted plaintiff. (Compl. at 11.)

Absolute immunity protects judges from civil damages suits under section 1983 for actions performed in their judicial capacities. See Mireles v. Waco, 502 U.S. 9, 9-12 (1991)) ("A long line of this Court's precedents acknowledges that, generally, a judge is immune from a suit for money damages."). Whether an act occurred in a judge's "judicial capacity" depends on the "nature of the act [complained of] itself, i.e., whether it is a function normally performed by a judge, and [on] the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Stump v. Sparkman, 435 U.S. 349, 362 (1978)). Magistrate Judge Cott correctly noted that as long as a judge is acting within his or her judicial capacity, the "judge will not be deprived of immunity because the action he [or she] took was in error, was done maliciously, or was in excess of his authority; rather, he [or she] will be subject to liability only when he [or she] has acted in the 'clear absence of all jurisdiction.'" Id. at 356-57.

In his objections to the R&R, plaintiff largely repeats his arguments asserted in prior motions. (See Docket # 2, 17, 40). Plaintiff asserts that "[a] Judge is not free, like a loose cannon, to inflict indiscriminate damage whenever he announces that he is acting in his 'Judicial capacity.'" (Obj. at 2.) He does not otherwise address the merits of the R&R other than asserting that because the Grand Jury allegedly declined to indict him, the Courts did not have jurisdiction over his case. (Id.).

7

However, Magistrate Judge Cott correctly concluded that all of the actions plaintiff complains of—denying his bail application, denying a motion to dismiss, dismissing the habeas petition, and presiding over a criminal trial and sentencing—are acts performed within the judicial capacities of the four justices. See Hancock v. McLaughlin, No. 10 Civ. 4607 (DLC), 2010 WL 5094615, at *2 (S.D.N.Y. Dec. 13, 2010) (explaining that a judge is acting within his judicial function and protected by absolute immunity when he dismissed plaintiff's motion to suppress evidence, presided at plaintiff's criminal trial, and sentenced plaintiff). This Court adopts the recommendation that all claims against the four justices be dismissed with prejudice.

b. Absolute Immunity for Prosecutors

Plaintiff brings claims against Assistant District Attorneys Dawn Guglielmo ("ADA Guglielmo") and Bruce Birns ("ADA Birns"). Plaintiff alleges that ADA Guglielmo "forged" the indictment by inserting charges into it that plaintiff was never able to testify about and that she had insufficient evidence to present to a grand jury to render a vote of a true bill. (Compl. at 2, 5.) Plaintiff claims that ADA Birns knew about the forged indictment and continued with the prosecution. (Compl. at 9.)

Like judges, prosecutors acting within the scope of their duties "are entitled to absolute immunity . . . because their prosecutorial activities are 'intimately associated with the judicial phase of the criminal process.'" Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (citing Imbler v. Pachtman, 424 U.S. 409, 430 (1976)). However, prosecutors have only qualified immunity for conduct undertaken in an investigative capacity. Zahrey v. Coffey, 221 F.3d 342, 346-47 (2d Cir. 2000).

Plaintiff's objections assert that ADA Guglielmo failed to "investigate the

8

paternity issue" and in her "'overzealous' effort to convict, without 'any' support from '[l]aw' . . . created the 'forged instrument.'" (Obj. at 3.) Further, plaintiff appears to claim that the ADAs are liable because they knew they did not have jurisdiction. (Id.) Magistrate Judge Cott correctly determined that the claims against ADA Guglielmo and ADA Birns are based upon prosecutorial activities. See Watson v. Grady, No. 09 Civ. 3055 (KMK), 2010 WL 3835047, at *14 (S.D.N.Y. Sept. 30, 2010) (prosecutors immune for conduct including "evaluating and organizing evidence for presentation at trial or to a grand jury") (quotation omitted). This Court adopts the recommendation that the claims against ADA Guglielmo and ADA Birns be dismissed with prejudice.

       c. No Personal Involvement of Sergeant Chantel, Charles Hirsch, Mechthild Prinz and Eric Schneiderman

Plaintiff asserts that defendants Sergeant Chantel, Hirsch, Prinz and Schneiderman failed to supervise individuals directly involved in the violations and conspired with the other defendants. (Compl. at 7, 10, 12.) The R&R correctly observes that allegations of personal involvement of defendants are required to state a claim under section 1983. Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003). "Government officials may not be held liable for the [alleged] unconstitutional conduct of their subordinates under a theory of respondeat superior. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (U.S. 2009).

Plaintiff's objections state that the "[p]rosecution injected more 'fraud' into the proceedings at trial, . . . [by using these defendants] as vehicle[s] to 'falsif[y]' the paternity result." (Obj. at 3.) However, as the R&R notes, plaintiff has not alleged that any of these defendants were personally involved in the actions giving rise to the complaint. (R&R at 19.) Therefore, this Court adopts the recommendation that these claims be

9

dismissed without prejudice. See Bridgewater v. Taylor, 698 F. Supp. 2d 351, 361-62 (S.D.N.Y. 2010) (sua sponte dismissing § 1983 claims without prejudice against unserved defendants for no allegations of personal involvement).

### d. Non-Suable Entites

Plaintiff also names the following city agencies as defendants: the NYC Police Department ("NYPD"), the NYC Office of Chief Medical Examiner ("OCME") and the NYC Department of Forensic Biology ("DFB"). (Compl. at 1, 7, 10.) The R&R correctly notes that Chapter 17, section 396 of the New York City charter provides that "all actions and proceedings for the recovery of penalties for violation of any law shall be brought in the name of the city of New York and not that of any agency except where otherwise provided by law." As agencies of the City of New York, therefore, the NYPD, OCME and DFB are non-suable entities. See Ximines v. George Wingate High Sch., 516 F.3d 156, 160 (2d Cir. 2008) ("Section 396 of the Charter has been construed to mean that New York City departments, as distinct from the City itself, lack the capacity to be sued."). Therefore, this Court adopts the recommendation that the claims against the agency defendants be dismissed with prejudice.

### e. Officer Korpolinski, Eric Scott, Alix Duroseau and Louis Serico

Plaintiff brings a claim against Officer Korpolinski for false arrest. (Compl. at 6-7.) He also claims in this Complaint and Objections that Louis Serico falsified his paternity results, which led to his conviction. (Compl. at 9; Obj. at 3.) This Court adopts the recommendation that under the Heck principles discussed above, plaintiff has not shown that his conviction was overturned or invalidated, and these claims are dismissed without prejudice.

10

Plaintiff also brings claims against his attorneys, Eric Scott and Alix Duroseau. He asserts that that Scott conspired with ADA Guglielmo to create the forged indictment and improperly waived plaintiff's right to testify before the grand jury without him consent. He also alleges that Duroseau conspired with ADA Birns and failed to properly represent him. (Compl. at 4-6, 8.)

To state a claim under section 1983, a plaintiff must allege that state officials, acting under color of state law, deprived him of a right guaranteed to him by the Constitution or federal law. 42 U.S.C. § 1983; see Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996). Neither Scott nor Duroseau were alleged to have acted under color of state law. This Court adopts the recommendation that the claims against them be dismissed with prejudice. This Court adopts the recommendation that the conspiracy claims against the attorneys under section 1985 be dismissed with prejudice for failure to plausibly allege facts to suggest an agreement among the defendants, as discussed above.

CONCLUSION

For the foregoing reasons, I adopt the R&R in its entirety. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from the instant Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk is directed to enter judgment in favor of defendants.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
August 4, 2011